**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4294

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JERRY DWAYNE PEARCE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:21-cr-00047-FL-1)

Submitted:  December 20, 2022                    Decided:  December 22, 2022

Before NIEMEYER and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

**ON BRIEF:** Joseph B. Gilbert, TARLTON LAW PLLC, Raleigh, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerry Dwayne Pearce pled guilty, pursuant to a written plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court sentenced Pearce to 120 months' imprisonment, a sentence within his advisory Sentencing Guidelines range. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Pearce's plea was knowing and voluntary, whether the district court properly found that a factual basis existed to support the knowledge element of his offense pursuant to *Rehaif v. United States*, 139 S. Ct. 2191 (2019), and whether Pearce's sentence is reasonable. Pearce has filed a pro se supplemental brief in which he argues that his sentence was unreasonable, that trial counsel failed to adequately explain the contents of his plea agreement or the consequences of his plea, and that he should have received a reduction in his sentence for cooperating with the Government. The Government moves to dismiss the appeal pursuant to the appellate waiver in Pearce's plea agreement. We affirm in part and dismiss in part.

"We review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted). An appellate waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id*. "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P. 11] colloquy

2

and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted).

Our review of the record confirms that Pearce knowingly and intelligently waived his right to appeal his conviction and sentence, with limited exceptions not applicable here. We therefore conclude that the waiver is valid and enforceable. Accordingly, we grant the Government's motion to dismiss in part and dismiss the appeal as to all issues within the waiver's scope, including the sentencing challenges raised by Pearce and *Anders* counsel.

The waiver provision, however, does not preclude our review pursuant to *Anders* of the validity of the guilty plea. *See id.* at 364. We therefore deny in part the Government's motion to dismiss. Because Pearce did not seek to withdraw his guilty plea, we review the adequacy of the Rule 11 hearing for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016); *see United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (discussing plain error standard). Our review of the record leads us to conclude that Pearce entered his guilty plea knowingly and voluntarily, that a factual basis supported the plea and all elements of his offense, and that his guilty plea is valid. *See United States v. DeFusco*, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious issues outside the scope of Pearce's valid appellate waiver. We therefore dismiss the appeal as to all issues within the waiver's scope and affirm the remainder of the district court's judgment. This court requires that counsel inform Pearce, in writing, of the right to petition the Supreme Court of the United States

3

for further review.  If Pearce requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Pearce.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

4